OPINION
{¶ 1} Appellant, Academy Development Limited Partnership ("ADLP" or "appellant"), appeals from the March 14, 2003 judgment of the Franklin County Court of Common Pleas reversing the decision of the Gahanna Board of Zoning and Building Appeals ("BZA"). For the reasons that follow, we reverse.
 {¶ 2} The property that is the subject of this appeal is an 11.527 acre parcel on the southwest corner of the intersection of Hamilton Road and Beecher Road in Gahanna. In 1990, the parcel was zoned as a "Planned Commercial Center" ("PCC"), which imposed certain development standards for the property. In 1998, ADLP agreed to subdivide a 1.5 acre parcel and sell it to Skilken D.S., Ltd. and Frank Petruziello for construction of a pharmacy. In September 1998, Skilken and Petruziello filed four applications with the Gahanna Planning Commission for approval of a final development plan, a certificate of appropriateness, a subdivision without plat, and a conditional use for the purpose of constructing a drive thru at a CVS pharmacy to be located at the corner of Hamilton and Beecher Roads. In March 1999, the application was amended adding ADLP as an applicant and expanding the development plan to encompass the entire 11.575 acre site as a shopping center consisting of multiple buildings, one of which would be the pharmacy. After numerous public hearings, the planning commission denied the applications in May 1999.
 {¶ 3} ADLP appealed the planning commission's decision to the BZA, which conducted hearings. On August 31, 1999, the BZA overturned the planning commission's decision and granted the applications. On September 29, 1999, the city of Gahanna filed a notice of appeal with the trial court from the order of the BZA (C.P.C. No. 99CVF09-8140).
 {¶ 4} The Academy Ridge Community Association, a group that had appeared before the planning commission and the BZA in opposition to the applications, also filed an appeal with the common pleas court from the order of the BZA (C.P.C. No. 99CVF09-8098). While the administrative appeal was before the common pleas court, ADLP moved for leave to intervene, and the common pleas court granted the motion.
 {¶ 5} On November 10, 1999, ADLP, a named party in case No. 99CVF09-8140, moved to dismiss the city of Gahanna's appeal.
 {¶ 6} On December 27, 1999, the common pleas court consolidated case No. 99CVF09-8098 with case No. 99CVF09-8140. On November 29, 2000, the common pleas court granted ADLP's motion to dismiss the city of Gahanna's appeal and affirmed the decision of the BZA in the other case. The city of Gahanna then appealed case No. 99CVF09-8140 to this court. In Gahanna v. Petraziello
(Oct. 11, 2001), Franklin App. No. 00AP-1480,[1] this court reversed the common pleas court's November 29, 2000 judgment in case No. 99CVF09-8140, and remanded the matter to the court of common pleas for a determination on the merits. It is not clear whether this court reversed the judgment on the merits in case No. 99CVF-09-8098. Nevertheless, this court specifically noted, "[w]hile the decision of the trial court may arguably be unclear as to whether it was intended to apply to both cases, we would agree with the city's contention that any determination on themerits by the court would not be applicable to the city'sappeal." (Emphasis added.) Id. ADLP did not appeal from this court's judgment.
 {¶ 7} Following remand, in a December 11, 2001 decision and entry, the common pleas court observed "Academy Ridge Community Association and the Appellants in Case No. 99CVF09-8098 have never pursued their part of the appeal, and therefore, everyone agrees that this case is preceding [sic] with respect to Case No. 99CVF09-8140, The City of Gahanna vs. Frank R. Petruziello." Id. at 2. The court also noted it would treat the remanded case "as if it were newly filed." Id.
 {¶ 8} On March 14, 2003, the common pleas court issued final judgment regarding the remanded matter, reversing the BZA, and finding that the BZA's actions were illegal. The caption of this judgment entry referenced both common pleas case Nos. 99CVF09-8098 and 99CVF09-8140. On April 14, 2003, ADLP appealed the common pleas court's March 14, 2003 judgment in case No. 99CVF09-8140, with copies of the appeal notice filed in both Franklin App. Nos. 03AP-359 and 03AP-360.
 {¶ 9} On April 30, 2003, this court sua sponte consolidated Franklin App. No. 03AP-359 with 03AP-360 because it appeared the cases involved similar parties and issues. However, ADLP did not appeal the common pleas court's November 29, 2000 judgment in case No. 99CVF09-8098 (Franklin App. No. 03AP-359), nor did any party to that case appeal the November 29, 2000 judgment in common pleas case No. 99CVF09-8098. Therefore, on July 31, 2003, this court dismissed Franklin App. No. 03AP-359.
 {¶ 10} On appeal, ADLP sets forth the following assignment of error:
The trial court erred in reversing the decision of the Gahanna Board of Zoning and Building Appeals.
 {¶ 11} The standard of review for appellate courts in an R.C.2506.04 appeal is whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative and substantial evidence.Budget Car Sales v. Groveport Bd. of Zoning Appeals, Franklin App. No. 01AP-932, 2002-Ohio-2809, at ¶ 9.
 {¶ 12} ADLP first argues that the common pleas court erred in failing to dismiss the city of Gahanna's appeal on grounds of res judicata. Appellant contends that the November 29, 2000 judgment in case No. 99CVF09-8098 bars the city's case. We disagree.
 {¶ 13} While we are aware of the problems that have led us to this point (two administrative appeals from the same set of facts and the potential for conflicting judgments), the decision of a reviewing court remains the law of the case on the legal questions involved for all subsequent proceedings in the case, both at the trial and reviewing levels. State ex rel. Baker v.State Personnel Bd. of Review (1999), 85 Ohio St.3d 640, 642. The trial court must follow the appellate court's mandate whether it is correct or incorrect. State ex rel. Sharif v. McDonnell
(2001), 91 Ohio St.3d 46, 48. Nor should this court disregard its prior ruling in the same case or reach an inconsistent result.Nolan v. Nolan (1984), 11 Ohio St.3d 1, 4. The doctrine is a rule of practice that is not to be applied so as to achieve unjust results. Hubbard ex rel. Creed v. Sauline (1996),74 Ohio St.3d 402, 404.
 {¶ 14} Here, regardless of whether this court had the authority to reverse the judgment in case No. 99CVF09-8098, the law of the case is that the prior judgment in that case was to have no effect on the city's case. ADLP did not appeal this court's judgment, and that determination is now the law of the case. The doctrine of res judicata is not jurisdictional, and ADLP waived that issue by not appealing this court's judgment to the Supreme Court of Ohio. See Mikles v. Sears, Roebuck Co.,
Montgomery App. No. 20057, 2004-Ohio-1024 (res judicata defense may be waived); Jim's Steak House, Inc. v. Cleveland (1998),81 Ohio St.3d 18, 20 (defense of res judicata is waived unless raised in a pleading as an affirmative defense).
 {¶ 15} On remand, the common pleas court appropriately followed the law of the case and treated the case as if it were newly filed. Moreover, we find no injustice in applying the law of the case doctrine under these circumstances. In the first action, the city of Gahanna never had the opportunity to litigate the merits of the administrative appeal, and in fact, was specifically precluded from filing a brief or otherwise participating in the decision. Thus, the doctrine of res judicata is inapposite here, and ADLP's argument is not well taken.
 {¶ 16} Appellant next argues that contrary to the decision of the court of common pleas, the BZA had authority and jurisdiction to adjudicate the rulings as it did.
 {¶ 17} The common pleas court's March 14, 2003 decision to overturn the BZA was premised on the conclusion that the BZA lacked the legal ability to make the rulings it made. Appellant argues the BZA did have the authority to make the decisions it made as the Gahanna Municipal Charter specifically authorized the BZA to decide appeals from the planning commission. Appellant argues that the BZA did nothing more than take existing ordinances and standards regarding PCC districts, apply them to the factual record of the case, and make a determination that the applications complied with those ordinances and standards.
 {¶ 18} The city of Gahanna argues that the BZA lacked the authority to: (1) hear an appeal from a decision of the planning commission that altered existing PCC zoning — a decision made by the planning commission in its legislative capacity; or (2) vary the PCC standards when it approved the applications. The city argues that the city ordinance that created the PCC district required a plan of development and development standards to supplement the zoning. The city contends that the ordinance did not permit amendment of the adopted plan or standards in a PCC district. Thus, in 1993, when the city amended its ordinance to prohibit further property in Gahanna to be zoned or rezoned a PCC, the city effectively eliminated PCC zones in the city with the narrow exception that old plans could be completed in accordance with approved plans, but they could not be modified by rezoning.
 {¶ 19} Section 1153.06 of the Codified Ordinances of the city of Gahanna governs the development of property zoned PCC. That section requires a plan of development and development standards to supplement the zoning. The city contends that appellant submitted a plan of development in 1990 when the parcel was rezoned, and that it could not be amended in 1998 when appellant submitted what it terms a plan of development and the city terms a modified plan of development. However, contrary to the city's position, there is nothing in the statute that requires the plan of development to be submitted at the time the property is rezoned.
 {¶ 20} A review of the record indicates that the city is incorrect in asserting that appellant submitted a plan of development in 1990 at the time the property was rezoned. Development standards were included in the request, but a plan of development was not. Section 1153.06 of the Codified Ordinances of the city of Gahanna distinguishes between development standards and a plan of development. The ordinance governing PCC zoning, Section 1153.06, contains preexisting standards with which a landowner must comply when developing its property, and it also incorporates the development standards of Chapters 1163 (parking) and 1167 (general development standards) of the Codified Ordinances. When appellant applied for rezoning in 1990, the application stated in pertinent part that: "Development Standards which will be complied with in the Plan of Development for the PCC District are attached as Exhibit C." Thus, appellant made clear that a plan of development was to follow the application. Nothing in Section 1153.06 requires the plan of development to be submitted at the same time as the rezoning. Accordingly, we conclude that appellants did not submit their plan of development until 1998.
 {¶ 21} After the Planning Commission denied all four of the applications, appellants appealed the Planning Commission's decision to the BZA. Under the city ordinances as they existed at that time, the BZA had "the power to hear and decide appeals for exceptions to, and variances in, the application of resolutions, ordinances, regulations, measures and orders of administrative officials or agencies governing zoning, building, and landscaping in the municipality, as may be required to afford justice and avoid unreasonable hardship." Section 12.03 of the Gahanna Charter (Amended Nov. 7, 1995). The city of Gahanna contends that neither the charter nor the city ordinances give the BZA the authority to hear an appeal from a decision of the Planning Commission that: (1) alters existing zoning; or (2) varies from the provisions of the city code. We find that the decision of the BZA did neither. Rather, the BZA approved the plan of development based on a consideration of preexisting development standards contained in Section 1153.06 and Chapters 1163 and 1167 of the Codified City Ordinances.
 {¶ 22} Without reviewing the state of the record on the facts, the trial court concluded that the BZA's approval of the development plan modified or eliminated PCC standards by (1) allowing a subdivided plot smaller than five acres, (2) permitting a drive-thru window, (3) allowing major design changes, and (4) allowing a single building instead of a united development of several businesses. The court further concluded that allowing such uses was contrary to the Gahanna ordinances on the respective subjects. (March 14, 2003 Decision and Entry on the Merits on Administrative Appeals at 4.) We disagree with the court's legal conclusions.
 {¶ 23} Under the ordinance governing PCC developments, all PCC developments must comply with the preexisting standards set forth in Gahanna's ordinances. With respect to the size of the lot, Section 1153.06(c)(1) requires that the land included in the Plan of Development shall be five acres or more. Here, the plan of development included the entire site of 11.575 acres.
 {¶ 24} With respect to permitting a drive-thru prescription pick-up window, approval of conditional uses is governed by Chapter 1169 of the Codified City Ordinances. See Section1153.06(b) (conditional uses are permitted in a PCC subject to approval in accordance with Chapter 1169). Therefore, the drive-thru window could have been approved or disapproved notwithstanding the approval or disapproval of the overall plan of development.
 {¶ 25} With respect to major design changes, one must look at the development standards in place in 1990. There was testimony in the record that the pharmacy design complied with those standards, in particular, it contained varying roof lines, construction with wood and brick materials, and an exterior brick finish.
 {¶ 26} Finally, the plan indicates that the pharmacy building is not to be developed in isolation, but rather is part of the overall development including other tenants on the 11.527 acre site. Moreover, the 1990 standards do not require a single building.
 {¶ 27} For all these reasons, we conclude the common pleas court erred in concluding that the BZA lacked the legal authority to approve the applications. Accordingly, we sustain the assignment of error, reverse the judgment of the common pleas court, and remand the matter for a consideration of whether the BZA's decision was supported by reliable, probative and substantial evidence.
Judgment reversed and remanded.
Klatt and Watson, JJ., concur.
[1] We note in this case's caption, the spelling of Frank R. Petruziello's surname differs from the spelling in Petraziello, supra.