EMC MORTGAGE CORPORATION et al., Appellees,

v.

JENKINS, Appellant.

[Cite as *EMC Mtge. Corp. v. Jenkins,* 164 Ohio App.3d 240, 2005-Ohio-5799.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–1319.

Decided Nov. 1, 2005.

242

Lerner, Sampson & Rothfuss and Thomas L. Henderson; McDonald, Frank, Hitzman & Holman and Robert Holman, for appellee.

Paul S. Kormanik, for appellant.

FRENCH, Judge.

{¶ 1} In this appeal from a final judgment entry and decree of foreclosure entered by the Franklin County Court of Common Pleas on November 8, 2004, defendant-appellant, Otis L. Jenkins, assigns as error the trial court's denial of his motion to dismiss the underlying action initiated by plaintiff-appellee, EMC Mortgage Corporation ("EMC"). For the following reasons, we reverse the trial court's judgment.

{¶ 2} The underlying action is the third successive foreclosure action initiated against appellant in the Franklin County Court of Common Pleas, arising out of

an adjustable rate note (the "note") and open-end mortgage (the "mortgage") that appellant allegedly executed on May 12, 2000, through a power of attorney. The Chase Manhattan Bank ("Chase") commenced the first two such actions, whereas EMC commenced the third action, from which appellant presently appeals.

{¶ 3} Chase filed the first foreclosure action against appellant on August 29, 2001, and dismissed that action by filing a notice of dismissal of its claims without prejudice on October 9, 2001. Chase refiled its claims against appellant on November 13, 2001. On December 16, 2002, the date scheduled for trial of its refiled claims, Chase filed a second notice of dismissal, pursuant to Civ.R. 41(A), purporting to dismiss its refiled claims without prejudice.

{¶ 4} On December 19, 2002, EMC filed the third foreclosure action against appellant. In its complaint, EMC sought recovery on the same note and foreclosure of the same mortgage that formed the basis of Chase's prior cases. EMC became the holder of the note and mortgage by assignment while Chase's second foreclosure action was pending. Even though Chase and EMC were represented by the same counsel, EMC was not substituted as the plaintiff in the second foreclosure action, which remained pending in Chase's name until Chase voluntarily dismissed it on the date of trial.

{¶ 5} On April 24, 2003, appellant moved the trial court to dismiss EMC's complaint. Appellant argued that the court lacked jurisdiction over the matter because, pursuant to the two-dismissal rule set forth in Civ.R. 41(A)(1), Chase's voluntary dismissal of its second complaint constituted an adjudication on the merits of the claims now asserted by EMC. EMC opposed appellant's motion to dismiss.[1] After a hearing on appellant's motion, the trial court denied the motion to dismiss and proceeded to trial on EMC's claims, after which the court entered judgment in EMC's favor.

{¶ 6} The trial court filed its final judgment entry and decree of foreclosure on November 8, 2004. Appellant timely appealed. Interlocutory orders, including the court's denial of appellant's motion to dismiss, are merged into the final judgment; thus, an appeal from the final judgment includes all interlocutory orders merged with it. *Shaffer v. OhioHealth Corp.*, Franklin App. No. 04AP–236, 2004-Ohio-6523, 2004 WL 2806417, at ¶ 12. Appellant asserts the following assignment of error:

---

1. In addition to opposing appellant's motion to dismiss, EMC moved the trial court, pursuant to Civ.R. 60(B), for relief from the judgment of dismissal entered in the second foreclosure action, relying on *Andy Estates Dev. Corp. v. Bridal* (1991), 68 Ohio App.3d 455, 588 N.E.2d 978. In *Andy Estates*, this court recognized a trial court's jurisdiction to rule on the merits of a Civ.R. 60(B) motion for relief from a second Civ.R. 41(A)(1) voluntary dismissal. The trial court denied EMC's Civ.R. 60(B) motion on August. 30, 2004, and EMC did not appeal that disposition.

The court below erred when it denied the motion of Otis Jenkins' motion [sic] to dismiss as plaintiff had filed the action twice previously and dismissed both prior actions pursuant to Civ.R. 41(A).

{¶ 7} Civ.R. 41(A) governs voluntary dismissals of civil actions. Civ.R. 41(A)(1) provides for voluntary dismissal by the plaintiff and provides as follows:

(1) * * * Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

The final sentence of Civ.R. 41(A)(1) sets forth the "two-dismissal rule," pursuant to which a plaintiff may voluntarily dismiss a claim by notice only once without prejudice. "Civ.R. 41(A) is clear that a second dismissal by a written notice * * * operates as an adjudication on the merits and prohibits the plaintiff from pursuing that claim again." *Fouss v. Bank One, Columbus, NA* (June 27, 1996), Franklin App. No. 96APE01–57, 1996 WL 361969.

{¶ 8} Rather than providing an independent mechanism for dismissal of a third filing, Civ.R. 41(A)(1) describes the effect of a second dismissal. *Stewart v. Fifth Third Bank of Columbus, Inc.* (Jan. 25, 2001), Franklin App. No. 00AP–258, 2001 WL 58727, citing *Byler v. Hartville Auction, Inc.* (Sept. 26, 1994), Stark App. No. 1994CA00081, 1994 WL 530817. Once a claim has been dismissed under Civ.R. 41(A)(1)(a), a second dismissal becomes an adjudication on the merits of the claim, barring a third filing of the claim under the doctrine of res judicata. *Farm Credit Serv. of Mid America, ACA v. Mikesell* (May 14, 1997), Coshocton App. No. 96 CA 11, citing *Byler*. The claim-preclusive effect of res judicata provides, " 'A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.' " *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226, quoting *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, paragraph one of the syllabus. The procedural mechanism for asserting that the third filing of a claim is barred by the two-dismissal rule and the doctrine of res judicata is to file a motion to

dismiss under Civ.R. 12 or a motion for summary judgment under Civ.R. 56. *Stewart.*

{¶ 9} In response to EMC's complaint, appellant filed a motion to dismiss, citing no section of Civ.R. 12, arguing that the trial court lacked jurisdiction over the subject matter of EMC's claims based on the Civ.R. 41(A)(1) two-dismissal rule. Despite appellant's phrasing of his argument in jurisdictional terms, it is clear from the record that appellant based his motion on the res judicata effect of Chase's prior dismissals and not on lack of subject-matter jurisdiction. A court does not lack jurisdiction over the subject matter of a lawsuit simply because the affirmative defense of res judicata may apply. See *Gahanna v. Petruziello,* Franklin App. No. 03AP–360, 2004-Ohio-2133, 2004 WL 886753, at ¶ 14. Thus, it appears that appellant sought relief pursuant to Civ.R. 12(B)(6), which authorizes a court to dismiss a complaint for failure to state a claim upon which relief can be granted.

{¶ 10} A motion to dismiss, pursuant to Civ.R. 12(B)(6), is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. The movant may not rely on allegations or evidence outside the complaint in support of a motion to dismiss for failure to state a claim upon which relief can be granted, and the court is likewise confined to the averments set forth in the complaint. Id. at 548, 605 N.E.2d 378; *Shockey v. Wilkinson* (1994), 96 Ohio App.3d 91, 94, 644 N.E.2d 686. Pursuant to Civ.R. 12(B)(6):

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. * * * All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

Thus, a court may consider matters outside the face of the complaint only if the court converts a Civ.R. 12(B)(6) motion into a motion for summary judgment and notifies the parties of its intention to do so.

{¶ 11} In his motion to dismiss, appellant referred the trial court to matters beyond the face of EMC's complaint, including Chase's dismissal of its second action against him. In fact, appellant premised his entire motion on the records of Chase's prior actions against him. In its memorandum in opposition, EMC likewise relied on matters outside its complaint and attached evidentiary material for the court's consideration. In its decision and entry denying appellant's motion, the trial court referred to the record of Chase's second foreclosure action and acknowledged its consideration of "the motions, memorand[a], argu-

ments of counsel and the evidence presented[.]" Because the trial court considered matters beyond the face of EMC's complaint, the court, in effect, converted appellant's motion into a motion for summary judgment.

{¶ 12} The record contains no indication that the trial court gave the parties notice of its intention to convert appellant's motion into a motion for summary judgment. While a failure to give such notice of conversion constitutes error, any such error was not prejudicial because both parties had the opportunity to present evidence in support of their respective positions. See *Reynolds v. Morris* (Sept. 28, 1999), Franklin App. No. 99AP–64, 2000 WL 192579, citing *Ins. Co. of N. Am. v. Reese Refrig.* (1993), 89 Ohio App.3d 787, 793, 627 N.E.2d 637.

{¶ 13} " 'The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context.' " *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 155, 4 OBR 396, 447 N.E.2d 1285, quoting *Portland Retail Druggists Assn. v. Kaiser Found. Health Plan* (C.A.9, 1981), 662 F.2d 641, 645, analyzing comparable provisions of Fed.R.Civ.P. 12(b). The purpose of providing the parties with notice of a court's conversion of a motion to dismiss to a motion for summary judgment is to afford the parties a reasonable opportunity to submit evidence. *Dietelbach v. Ohio Edison Co.*, Trumbull App. No. 2004–T–0063, 2005-Ohio-4902, 2005 WL 2269006, at ¶ 12. Unexpected conversion may leave the nonmoving party at the disadvantage of being unprepared to reply. *Petrey*, 4 Ohio St.3d at 155, 4 OBR 396, 447 N.E.2d 1285.

{¶ 14} In this case, EMC had a reasonable opportunity to, and in fact did, present evidence outside its complaint in opposition to appellant's motion. In response to appellant's motion, EMC submitted an affidavit from its counsel, as well as copies of relevant documents from the prior foreclosure actions, in support of its position that Chase's second dismissal had no effect on EMC's claims. The trial court also conducted a hearing on appellant's motion, at which both parties were represented by counsel. When a party opposing a motion to dismiss based on matters outside the face of its complaint submits evidence outside the complaint in opposition to the motion, the need for notice of the court's conversion of the motion to one for summary judgment no longer exists. *Dietelbach*, 2005-Ohio-4902, 2005 WL 2269006, at ¶ 12. Therefore, the trial court's failure to give the parties notice of its conversion of appellant's motion from a motion to dismiss into a motion for summary judgment was harmless and does not require reversal where, as here, all parties had a reasonable opportunity to present relevant evidence in support of their respective positions.

{¶ 15} In its decision and entry denying appellant's motion, the trial court found the two-dismissal rule, and thus the doctrine of res judicata, inapplicable based on its finding that the claims set forth in Chase's second complaint were not dismissed by the same plaintiff as the claims set forth in Chase's first complaint. The parties do not dispute the underlying facts. Rather, the only disputed issues concern whether the two-dismissal rule rendered Chase's second dismissal an adjudication on the merits and whether the doctrine of res judicata therefore bars EMC's claims. The applicability of res judicata is a question of law, which this court reviews de novo. *Prairie Twp. Bd. of Trustees v. Ross,* Franklin App. No. 03AP–509, 2004-Ohio-838, 2004 WL 344158, at ¶ 12.

{¶ 16} EMC raises various arguments as to why the two-dismissal rule does not preclude its claims. EMC argues that the two-dismissal rule is inapplicable because the first two actions against appellant were dismissed by Chase, a different plaintiff. EMC also argues that its claims differ from those alleged in the prior complaints. Lastly, EMC argues that the two-dismissal rule is inapplicable because appellant consented to the second dismissal. We will address each of EMC's arguments in turn.

{¶ 17} EMC first argues that the two-dismissal rule does not apply because EMC has not previously dismissed any claim against appellant. While we agree that EMC itself has not previously dismissed any claim against appellant, we disagree with EMC's contention that such fact renders the two-dismissal rule and the doctrine of res judicata inapplicable to its claims. Pursuant to Civ.R. 41(A)(1), "a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." Civ.R. 41(A)(1) focuses on the plaintiff in the dismissed actions. It is undisputed that Chase filed and, by notice, voluntarily dismissed its claims against appellant for recovery on the note and mortgage in the first foreclosure action. It is further undisputed that Chase refiled those claims in the second action and again filed a notice of voluntary dismissal of such claims. Thus, the plain language of Civ.R. 41(A)(1) suggests that Chase's second notice of voluntary dismissal operated as an adjudication upon the merits of Chase's claims against appellant, including claims for breach of the note and foreclosure of the mortgage now held by EMC.

{¶ 18} Nothing in Civ.R. 41(A) limits the preclusive effect of a second voluntary dismissal solely to the *plaintiff* who has twice dismissed. Rather, Civ.R. 41(A)(1) simply deems the *claim* twice dismissed adjudicated on the merits. If the adjudicated claim is again refiled, principles of res judicata take over to determine whether the adjudication on the merits bars the refiled claim.

{¶ 19} The Eighth District Court of Appeals has applied the two-dismissal rule and the doctrine of res judicata to bar a subrogee's claim after the subrogor twice

dismissed its claims against a tortfeasor. See *Ohio Dept. of Human Serv. v. Kozar* (1995), 99 Ohio App.3d 713, 651 N.E.2d 1039. In *Kozar*, the state, as subrogee of the estate of a deceased moped rider, brought an action against the driver of the automobile that fatally injured the rider, seeking to recover Medicaid benefits expended on behalf of the rider prior to his death. The rider's estate had previously commenced and voluntarily dismissed several actions against the driver for the rider's injuries and wrongful death. In the last of such cases, the court granted summary judgment in favor of the driver based on the two-dismissal rule. Although the state, as subrogee, was not a party to the previous actions initiated by the estate, the court held that because the estate-subrogor's claims were barred by res judicata under the two-dismissal rule, there was an adverse final judgment binding against the state. Id. at 717, 651 N.E.2d 1039.

{¶ 20} Ohio courts do not limit application of the doctrine of res judicata to cases where the parties to the later action are identical to those in the earlier action. Rather, res judicata also applies where there is privity between the parties in the two cases. *Johnson's Island v. Bd. of Twp. Trustees* (1982), 69 Ohio St.2d 241, 244, 23 O.O.3d 243, 431 N.E.2d 672; *Grava*, 73 Ohio St.3d at 381, 653 N.E.2d 226. EMC obtained its interest in the underlying note and mortgage by assignment. "An assignee 'stands in the shoes of the assignor * * * and succeeds to all the rights and remedies of the latter.'" *Siebert v. Columbus & Franklin Cty. Metro. Park Dist.* (Dec. 28, 2000), Franklin App. No. 00AP–583, 2000 WL 1877585, quoting *Inter Ins. Exchange v. Wagstaff* (1945), 144 Ohio St. 457, 460, 30 O.O. 44, 59 N.E.2d 373. An assignee of an interest in a promissory note and mortgage is in privity with its assignor for purposes of res judicata. See *Diversified Financial Serv., Inc. v. Wood* (Sept. 26, 1996), Lawrence App. No. 96 CA 9, 1996 WL 560487.

{¶ 21} EMC accepted assignment of the note and mortgage after Chase had voluntarily dismissed a foreclosure action based on the note and mortgage and had refiled those claims against appellant. When Chase again voluntarily dismissed those claims, that dismissal constituted an adjudication of the claims on the merits in appellant's favor and a dismissal with prejudice. The doctrine of res judicata would bar any further attempt by Chase to recover on the note or to foreclose the mortgage. Because EMC is in privity with Chase and stands in Chase's shoes, res judicata likewise bars any attempt by EMC to recover on those claims.

{¶ 22} EMC next argues that the two-dismissal rule is inapplicable because its claims differ from the claims previously asserted by Chase. Comparison of EMC's complaint with Chase's second complaint suggests otherwise. With the exception of one additional sentence, which incorporates documents evidenc-

ing the assignment of the note and mortgage to EMC, the first two counts of EMC's complaint are identical to the claims Chase alleged in its second complaint. Likewise, EMC's prayer for relief is identical to the prayer for relief in Chase's second complaint. Like Chase, EMC asserts claims for breach of the note and foreclosure of the mortgage. Also like Chase, EMC seeks recovery of the entire principal balance because appellant has not made a single payment on the note.

{¶ 23} Despite the almost identical allegations in its complaint and Chase's prior complaint, EMC argues that its claims are based on different acts of default from Chase's prior claims. EMC claims that because the note imposed on appellant a continuing obligation to make monthly payments, each failure to pay constituted a separate event of default, giving rise to a new cause of action. EMC's position would render the Civ.R. 41(A)(1) two-dismissal rule meaningless in the context of foreclosure actions because every successive attempt to foreclose a mortgage could be construed as a new claim. EMC cites no legal authority in support of its attempt to distinguish its claims from the claims twice previously asserted and dismissed by Chase.

{¶ 24} Although Ohio courts have been known to distinguish between claims arising from different events of default in successive foreclosure actions based on the same note and mortgage, the factual scenarios in which courts have done so are distinguishable. In *Aames Capital Corp. v. Wells* (Apr. 3, 2002), Summit App. No. 20703, 2002 WL 500320, a mortgagee argued that the doctrine of res judicata barred a second foreclosure action on the same underlying note and mortgage. In the first foreclosure action against Wells, the court entered judgment against Aames and required Aames to reinstate the underlying note and mortgage. Aames filed the second foreclosure action after Wells failed to make required payments on the reinstated note and mortgage. The Ninth District Court of Appeals rejected Wells's res judicata defense, finding that the claims in the second action differed from those asserted in the first action. Likewise, in *Midfed Sav. Bank v. Martin* (July 13, 1992), Butler App. No. CA91–12–202, 1992 WL 165143, the Twelfth District Court of Appeals rejected a mortgagee's argument that the doctrine of res judicata barred a second foreclosure action. In that case, the defendant-mortgagee brought her loan current before execution of the judgment entered in the first foreclosure action. The plaintiff filed the second foreclosure action after the defendant-mortgagee again became delinquent on her loan. The court noted that the judgment entry in the first action explicitly stated that the claim related only to the delinquency that had arisen up to the date of judgment. The court thus found that the later delinquency was "entirely distinct" from the first delinquency. Id.

{¶ 25} Relying on *Wells* and *Martin*, the First District Court of Appeals held that a Civ.R. 41(A)(1) dismissal by the assignee of a note and mortgage is not a second dismissal where the assignor had previously dismissed a foreclosure action voluntarily. See *Homecomings Financial Network, Inc. v. Oliver*, Hamilton App. No. C–020625, 2003-Ohio-2668, 2003 WL 21202732, at ¶ 7. However, like in *Wells* and *Martin*, the court was able to differentiate the claims asserted in the second action from those asserted previously. In *Oliver*, the First District noted that the assignee's claims differed from the assignor's previously asserted claims because the assignee's claims involved different rates of interest and different amounts of principal owed. Id. In the case presently before us, no such differences distinguish EMC's claims from Chase's previously dismissed claims.

{¶ 26} Appellant has not made the first payment on the note. Thus, appellant has continually remained in default since his first missed payment and throughout the three foreclosure actions commenced against him. At no time has appellant cured his default or had his loan reinstated. All three foreclosure complaints have sought judgment for the entire amount of principal due under the note, with accrued interest, late charges, advances for taxes and insurance, and costs. Unlike the scenarios in *Wells* and *Martin*, neither of the previous foreclosure actions against appellant dealt exclusively with previous amounts due. Rather, in each of the three cases against appellant, the plaintiff has sought the same relief. *Oliver* does not stand for the broad proposition that each missed payment under a promissory note and mortgage yields a new claim, such that any successive actions on the same note and mortgage involve different claims and are, thus, exempt from the two-dismissal rule.

{¶ 27} EMC also argues that its claims differ from those asserted by Chase because its complaint contains a claim for unjust enrichment, which Chase did not plead. The addition of an unjust enrichment claim does not save EMC's complaint from application of res judicata. In order for res judicata to bar a subsequent action, the claims asserted therein need not be identical to the claims asserted in the prior action. Rather, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava*, 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. The fact that a number of different legal theories may cast liability on an actor arising out of a given episode does not create multiple transactions or claims. Id. at 382, 653 N.E.2d 226, citing Comment c to 1 Restatement of the Law 2d, Judgments (1982), Section 24(1), at 200. EMC's claim for unjust enrichment arises out of the same transaction or occurrence as the claims for breach of the note and foreclosure asserted in Chase's previous complaints and reasserted by EMC herein. EMC's unjust-enrichment claim is based on the allegation that appellant was enriched by

the proceeds of the loan underlying the note and mortgage and that such enrichment would be unjust in the absence of payment by appellant. Because EMC's unjust-enrichment claim arises out of the same transaction or occurrence as the foreclosure claims previously asserted against appellant, the doctrine of res judicata, if otherwise applicable, bars litigation of EMC's unjust-enrichment claim as well as its other claims.

{¶ 28} In its final argument, EMC suggests that at the time of Chase's second dismissal, both appellant and the trial court understood that the action would be refiled. Therefore, EMC argues that the second dismissal does not implicate the two-dismissal rule. Civ.R. 41(A) provides for three types of voluntary dismissals: (1) by notice, (2) by stipulation, and (3) by court order. For the two-dismissal rule to apply, both dismissals must be Civ.R. 41(A)(1)(a) dismissals by notice. *Internatl. Computing & Electronic Eng. Corp. v. Ohio Dept. of Adm. Serv.* (May 9, 1996), Franklin App. No. 95API11–1475, 1996 WL 239590. The two-dismissal rule does not apply where the second dismissal is made by stipulation of the parties or by court order. Rather, Ohio courts have held that the rule applies only to unilateral notices of dismissal filed by the plaintiff. *Luciani v. Schiavone* (C.A.6, 2000), 210 F.3d 372 (unpublished opinion, 2000 WL 331974).

{¶ 29} In support of its argument that the second dismissal was not a unilateral dismissal by notice, EMC points to the affidavit filed in opposition to appellant's motion to dismiss. EMC's counsel, Thomas L. Henderson, who represented Chase in the second foreclosure action and whose law firm represented Chase in the first foreclosure action, executed the affidavit. In his affidavit, Mr. Henderson states, "Based upon representations made during the in chambers conference [on the scheduled trial date], I believed that counsel for [appellant] agreed to the dismissal of the Complaint[.]" Mr. Henderson also stated that "[c]ounsel for [appellant] walked with me to the Clerk's office to file the Notice of Dismissal, at which time we discussed how the case would proceed either in Probate Court or in Common Pleas upon a re-filing. I believed that both counsel for [appellant] and the Court were in agreement as to the dismissal."

{¶ 30} The document dismissing the second foreclosure action is entitled "NOTICE OF DISMISSAL" and reads: "Now comes the Plaintiff, by and through counsel, pursuant to Rule 41(A) of the Ohio Rules of Civil Procedure, to hereby give NOTICE [o]f dismissal of Plaintiff's Complaint, without prejudice." The notice of dismissal is signed only by Chase's counsel and contains no signature line for either appellant's counsel or the trial court. The unambiguous language of the notice of dismissal, coupled with the lack of signature lines for opposing counsel and the court, demonstrates that Chase dismissed the second foreclosure action by notice pursuant to Civ.R. 41(A)(1)(a). See *Internatl.*

*Computing,* Franklin App. No. 95API11-1475. The fact that appellant's counsel and the court participated in discussions regarding the case immediately prior to dismissal and did not object to appellant's stated intention to dismiss the case does not alter the inescapable conclusion that Chase's voluntary dismissal was unilaterally accomplished by notice pursuant to Civ.R. 41(A)(1)(a). Id., distinguishing *Graham v. Pavarini* (1983), 9 Ohio App.3d 89, 94, 9 OBR 140, 458 N.E.2d 421.

{¶ 31} In *Internatl. Computing,* Franklin App. No. 95API11–1475, the plaintiff made a similar argument that a second dismissal was not a dismissal by notice under Civ.R. 41(A)(1)(a) but, rather, a stipulation of dismissal. Therein, the plaintiff filed a document entitled "NOTICE OF VOLUNTARY DISMISSAL," which cited Civ.R. 41(A)(1) and utilized language ostensibly in the plaintiff's voice. Plaintiff's counsel signed the notice of dismissal. Additionally, at the bottom of the page, defense counsel also signed the notice of dismissal. This court found that defense counsel's signature, appearing at the bottom of the page and not accorded status equal to the signature of plaintiff's counsel, was merely an acknowledgment rather than a stipulation. Thus, we concluded that the dismissal was made by notice, pursuant to Civ.R. 41(A)(1)(a), and implicated the two-dismissal rule. In this case, we likewise find that dismissal of the second foreclosure action was accomplished by notice and not by stipulation of the parties. The belief of Chase's counsel, who now represents EMC, that appellant's counsel was unopposed to the second dismissal does not alter that conclusion. Therefore, the two-dismissal rule renders that dismissal an adjudication on the merits.

{¶ 32} Chase voluntarily dismissed its second foreclosure action by notice, pursuant to Civ.R. 41(A)(1)(a), having previously dismissed its claims in the first foreclosure action in the same manner. Pursuant to Civ.R. 41(A), its second dismissal constituted an adjudication on the merits of the claims asserted therein. Upon review, we conclude that the doctrine of res judicata bars EMC's claims and that the trial court erred by failing to dismiss EMC's claims. Therefore, we sustain appellant's assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand this matter with instructions to dismiss EMC's claims.

Judgment reversed
and cause remanded.

PETREE and TRAVIS, JJ., concur.