OPINION *Page 2 
{¶ 1} Defendant-appellant Guiseppe Gullotta appeals from the March 13, 2006, and May 11, 2006, Judgment Entries of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about June 18, 2003, appellant executed and delivered to MILA, Inc. an adjustable rate note and a mortgage in the amount of $164,900.00. The note was subsequently assigned to appellee U.S. Bank National Association.
 {¶ 3} On October 26, 2005, appellee filed a foreclosure complaint against appellant, alleging that appellant had defaulted on the note. Appellee specifically sought judgment against appellant in the amount of $164,390.91 plus interest at the rate of 7.35% per annum from November 1, 2003.
 {¶ 4} Subsequently, on January 4, 2006, appellant filed a Motion to Dismiss for Failure to State a Claim pursuant to Civ.R. 12(B)(6). Appellant, in his motion, argued that appellee's claims were barred by the doctrine of res judicata. Appellant noted that appellee had previously filed two foreclosure actions against him in the Stark County Court of Common Pleas (Case Nos. 2004 CV 01259 and 2004 CV03013) and that appellee had voluntarily dismissed its complaint against him without prejudice in Case No. 2004 CV 01259 on June 8, 2004, and had voluntarily dismissed its complaint against him without prejudice in Case No. 2004 CV 03013 on March 16, 2005. Both voluntarily dismissals were pursuant to Civ. R. 41(A). Copies of both Notices of Dismissal were attached to appellant's Motion to Dismiss. Appellant, in his Motion to Dismiss, argued that the "two-dismissal" rule set forth in Civ.R. 41(A) barred appellee's *Page 3 
claims in the case sub judice since "the latest dismissal by US Bank was an adjudication on the merits."
 {¶ 5} On February 6, 2006, appellee filed a Motion for Leave to File an Amended Complaint to modify the prayer for relief to reflect a new date of default. On the same date, appellee filed a response to appellant's Motion to Dismiss. Appellee, in its response, argued, in relevant part, as follows:
 {¶ 6} "Defendant in his Motion to Dismiss claims the subject matter of the litigation is exactly the same as the first two cases that were filed in the Court of Common Pleas, Stark County, Ohio. However, should the court allow Plaintiff to amend its Complaint, Defendant's Motion to Dismiss would become moot. It is true that Plaintiff has brought these proceedings in this Court based upon the default of the note and mortgage that were the subject of the previous two case.[sic] It is also true that the two previous actions were dismissed voluntarily under Rule 41(A). Nevertheless, the instant proceedings would represent a new and different cause of action and, therefore, res judicata would not apply."
 {¶ 7} Pursuant to a Judgment Entry filed on February 10, 2006, the trial court converted appellant's Motion to Dismiss to a Motion for Summary Judgment because it was based on matters outside of the pleadings. The trial court granted both parties additional time to brief the issues.
 {¶ 8} As memorialized in a separate order filed on the same date, the trial court granted appellee leave to file an amended complaint to change the date of default. Appellee, in its February 10, 2006, Amended Complaint, sought judgment against appellant in the amount of $164,390.91 plus interest at the rate of 7.35% per annum *Page 4 
from December 1, 2003. In the alternative, appellee sought judgment against appellant in the amount of $164,390.91 plus interest at the rate of 7.35% per annum from April 1, 2005, such date is after the Notice of Dismissal was filed in Case No. 2004 CV 03013.
 {¶ 9} Pursuant to a Judgment Entry filed on March 13, 2006, the trial court overruled appellant's Motion for Summary Judgment. The trial court, in its entry, stated, in relevant part, as follows:
 {¶ 10} "Plaintiffs first two Complaints sought the sum of $164,390.91 plus interest thereon at the rate of 7.35% per annum from November 1, 2003. Plaintiff has amended the third Complaint to include two alternative theories of recovery and prayers for relief. First, Count One moves the default date to December 1, 2003 and seeks the sum of $164,390.91 plus interest thereon at the rate of 7.35% per annum from that date. Alternatively, Count Three moves the default date to April 1, 2005, and seeks the sum of $164,390.91 plus interest thereon at the rate of 7.35% per annum from April 1, 2005.
 {¶ 11} "The April 1, 2005 default date is after the second dismissal on March 13, 2005 and, therefore, could not have been included in either of the first two actions. Because the second dismissal is an adjudication on the merits, Defendant was at that time no longer in default and the note would be decelerated. However, Defendant's obligation to continue making payments would begin again in April of 2005. The current action covers months not litigated in the first two foreclosure actions and relates to a later delinquency in payments. Thus, because the subsequent action is based upon a demand and cause of action, res judicata does not apply." (footnote omitted) *Page 5 
 {¶ 12} Thereafter, on April 18, 2006, appellee filed a Motion for Summary Judgment. As memorialized in a Judgment Entry filed on May 11, 2006, the trial court granted appellee's motion.
 {¶ 13} Appellant now raises the following assignment of error on appeal:
 {¶ 14} "THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT."[1]
 {¶ 15} This matter reaches us upon a grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36,506 N.E.2d 212. Therefore, we must refer to Civ.R. 56(C), which provides the following: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 16} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion *Page 6 
and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. "[B]are allegations by the moving party are simply not enough." Vahila v. Hall, 77 Ohio St.3d 421, 430, 674 N.E.2d 1164,1997-Ohio-259. The moving party must specifically point to some evidence that demonstrates that the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. Id. at 429, citingDresher v. Burt, 75 Ohio St.3d 280, 662 N.E.2d 264, 1996-Ohio-107.
 {¶ 17} Furthermore, trial courts should award summary judgment with caution. "Doubts must be resolved in favor of the non-moving party."Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 359, 604 N.E.2d 138,1992-Ohio-95.
 {¶ 18} It is pursuant to this standard that we review appellant's assignment of error.
 I {¶ 19} Appellant, in his sole assignment of error, argues that the trial court erred in overruling his Motion for Summary Judgment. We disagree.
 {¶ 20} Appellant, in the case sub judice, specifically contends that the trial court should have considered appellant's second dismissal pursuant to Civ.R. 41(A), which was in Case No. 2004 CV 03013, to be a dismissal on the merits, which appellant maintains would have had "res judicata effect on a third filing of foreclosure."
 {¶ 21} Civ.R. 41 states, in relevant part, as follows: "(A) Voluntary dismissal: effect thereof *Page 7 
 {¶ 22} "(1) By plaintiff; by stipulation. Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 {¶ 23} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant; . . .
 {¶ 24} "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as adjudication upon the merits of any claim that the plaintiff has once dismissed in any court."
 {¶ 25} "The final sentence of Civ.R. 41(A)(1) sets forth the `two-dismissal rule,' pursuant to which a plaintiff may voluntarily dismiss a claim by notice only once without prejudice." EMC MortgageCorp. v. Jenkins, 164 Ohio App.3d 240, 246, 841 N.E.2d 855,2005-Ohio-5799. "Civ.R. 41(A) is clear that a second dismissal by a written notice * * * operates as an adjudication on the merits and prohibits the plaintiff from pursuing that claim again." Fouss v. BankOne, Columbus, NA (June 27, 1996), Franklin App. No. 96APE01-57,1996 WL 361969 at 2.
 {¶ 26} "Civ.R. 41 speaks to the effect of the second dismissal, rather than directly barring a third filing of the same action. The rule does not provide an independent mechanism for dismissal of a third filing. . . . Because Civ.R. 41 provides that the second voluntary dismissal has the effect of adjudicating the claim on the merits, the third filing of the same action would be barred by res judicata."Byler v. Hartville Auction, Inc. (Sept. 26, 1994), Stark App. No. 1994CA00081, 1994 WL 530817 at 2. *Page 8 
 {¶ 27} As is stated above, in the case sub judice, appellee filed a foreclosure action against appellant (Case No. 2004 CV 01259) and then voluntarily dismissed the same without prejudice pursuant to Civ.R. 41(A) via a Notice of Dismissal filed on June 3, 2004. Appellee then filed another action against appellant (Case No. 2004 CV 03013) and then voluntarily dismissed the same without prejudice pursuant to Civ.R. 41(A) via a Notice of Dismissal filed on March 16, 2005. Appellee then filed the complaint in this case on October 26, 2005.
 {¶ 28} However, appellant did not attach copies of the complaints filed in Case Nos. 2004 CV 01259 and 2004 CV03013 to his Motion for Summary Judgment. The same are not part of the trial court's record.[2] Without copies of the two complaints, this Court is unable to determine whether the claims asserted in the two previous cases are the same as the claims asserted in the case sub judice.[3] We cannot, therefore, determine whether the doctrine of res judicata might apply to bar appellee's third complaint.
 {¶ 29} However, we note that appellee, in its response to appellant's Motion to Dismiss, states that "[i]t is true that Plaintiff has brought these proceedings in this Court based upon the default of the note and mortgage that were the subject of the two previous case (sic)." In short, appellee admits that the three actions are based on the same note and mortgage. For such reason, we shall, in the alternative, also address the merits of this appeal. *Page 9 
 {¶ 30} The trial court found that appellee's first two complaints sought the amount of $164,390.91 plus interest at the rate of 7.35% per annum from November 1, 2003. Appellee voluntarily dismissed the first complaint. Appellee filed the second complaint on September 9, 2004. Appellee then voluntarily dismissed such complaint on March 13, 2005. The second dismissal was, as noted by the trial court, an adjudication on the merits to the extent that appellant was no longer in default and the note would be decelerated. However, we disagree with appellant's contention that such an adjudication on the merits means that the note does not exist. We note that appellant cites no case law in support of such an assertion.
 {¶ 31} On October 26, 2005, appellee filed a foreclosure action against appellant requesting judgment against appellant in the amount of $164,390.91 plus interest at the rate of 7.35% per annum from November 1, 2003. Subsequently, the trial court, pursuant to an entry filed on February 10, 2006, granted appellee leave to file an amended complaint to change the date of default. Appellee, in its February 10, 2006 Amended Complaint, set forth an April 1, 2005 default date.
 {¶ 32} We concur with the trial court that the April 2005 default date "is after the second dismissal on March 13, 2005 and, therefore, could not have been included in either of the first two actions." As noted by the trial court, the current foreclosure action covers months not litigated in the first two complaints and different dates of default. The April 2005 default date was not included in the first two complaints. We find, therefore, that the trial court did not err when it overruled appellant's Motion for Summary Judgment. We agree that the doctrine of res judicata did not bar appellee's third foreclosure complaint. *Page 10 
 {¶ 33} We acknowledge that the Tenth District Court of Appeals, inEMC Mortgage Corp. v. Jenkins, 164 Ohio App.3d 240, 841 N.E.2d 855,2005-Ohio-5799, which is cited by appellee in his brief, has held that each missed payment under a promissory note and mortgage doesnot yield a new claim such that any successive actions on the same note and mortgage involve different claims and are exempt from the two-dismissal rule.[4] The court, in the EMC case, held that to rule otherwise "would render the Civ. R. 41(A)(1) two dismissal rule meaningless in the context of foreclosure actions because every successive attempt to foreclosure a mortgage could be considered as a new claim." Id. at paragraph 23.
 {¶ 34} We, however, decline to follow such case. We find that each new missed payment on an installment note is a new claim. Two rule 41(A) dismissals of complaints, which allege the same default dates, would not be an adjudication that the note (debt) is no longer in existence because it has been paid. Rather, it would be an adjudication that the obligor is no longer in default under the terms of the note as of the date alleged and that the entire balance of the note is not due and payable immediately. The balance would still be due per the installment payment arrangements in the note.
 {¶ 35} In addition, the application of Rule 41(A) per the EMC case would discourage a lender, such as appellant, from working with a borrower, such as appellee, when the borrower defaults on a mortgage. Frequently, after filing a foreclosure action, a lender will work with the buyer so that the buyer can retain his or her property. The lender will then dismiss the foreclosure action. A lender would not be inclined to do so if a dismissal precluded a bank from eventually foreclosing on a borrower's property after *Page 11 
a default. As a result, the number of foreclosures would increase as would the number of individuals losing their homes.
 {¶ 36} Appellant's sole assignment of error is therefore, overruled.
 {¶ 37} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] We find this assignment implicitly challenges the granting of summary judgment to the plaintiff.
[2] Appellant did attach copies of the complaints to his brief. However, App.R. 9(A) limits our consideration to "original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *." This Court, therefore, cannot consider the complaints since they are not part of the record on appeal.
[3] In EMC, supra., the Court compared the claims set forth in the second complaint for foreclosure, which was voluntarily dismissed pursuant to Civ. R. 41 (A), with the claims set forth in the third complaint for foreclosure, in determining that the doctrine of res judicata barred the third complaint.
[4] Despite the fact that the complaint and the second complaint contained almost identical allegations, the appellee, in EMC, had argued that its claims were based on different acts of default from the claims previously asserted in the earlier complaint. *Page 1