{¶ 31} I respectfully dissent from the majority opinion.
 {¶ 32} This case involves two motions. One was a motion for summary judgment filed by appellant. The other was a Civ.R. 12(B)(6) motion filed by appellee, claiming that appellant's complaint failed to state a cause of action upon which relief can be granted.
 {¶ 33} The trial court denied appellant's motion for summary judgment. I concur with the majority that the trial court properly denied this motion.
 {¶ 34} The trial court also granted appellee's Civ.R. 12(B)(6) motion. The relevant portion of the trial court's entry is cited in the majority opinion. Essentially, the *Page 11 
trial court indicated that it presumed the allegations in the complaint to be true, but found that plaintiff could prove no set of facts in support of his claim that would entitle him to relief with respect to the funds distributed by the Lake County Sheriffs Office to appellee. I believe this was error.
 {¶ 35} Appellant's amended complaint, while captioned as a creditor's bill, includes several allegations. At paragraph ten, it states that the order used to attach the funds "was not a judgment upon which execution could issue because the Order did not dispose of all claims pending in the Maxus Lawsuit and did not contain the findings described in F.R.C.P. 54(b)." Paragraph 12 of the amended complaint states that the writ of execution used to attach the funds "was void and unenforceable as it was based solely upon the Order, which was not an executable money judgment." Paragraph 19 alleges that appellant "has an equitable and legal right" to the proceeds. I believe that if these facts were presumed true, appellant has stated a cause of action upon which he could recover.
 {¶ 36} Appellee counters that even if these allegations are true, appellant has no standing to assert them, because if there were deficiencies in the attachment process it would be up to the original judgment creditor, Ace Lakefront Properties, Inc. ("Ace"), to raise this claim. I disagree.
 {¶ 37} Ace owed money both to appellant and appellee. It is undisputed that, except for the proceeds of this sale, Ace did not have any other assets from which appellant or appellee could recover. It is also undisputed that R.C. 2333.01 is equitable in nature. Huston Assoc, Inc.v. VWV, Inc. (Dec. 18, 1992), 11th Dist. No. 92-L-050, 1992 Ohio App. LEXIS 6474, at *4-5. (Citation omitted.) This statute specifically *Page 12 
provides that if a judgment debtor in this situation has any interest in a "claim, or chose in action," it shall be subject to payment of the judgment by an action such as the one presented by appellant. In other words, quite simply, if Ace was entitled to pursue a cause of action against appellee for improper attachment of the sale proceeds, the statute provides a vehicle to allow appellant to stand in Ace's shoes and do the same.
 {¶ 38} The trial court, in reviewing the Civ.R. 12(B)(6) motion to dismiss, clearly relied on evidence supplied in support of, and in opposition to, appellant's motion for summary judgment. If the trial court was going to treat appellee's Civ.R. 12(B)(6) motion as a request for summary judgment, notice of that fact should have been given to appellant. The majority relies on EMC Mtge. Corp. v. Jenkins,164 Ohio App.3d 240, 2005-Ohio-5799 for the proposition that when a party submits evidence outside the pleadings in opposition to a Civ.R. 12(B)(6) motion to dismiss, the need for notice of the court's conversion of the motion to one for summary judgment no longer exists. However, there was no material submitted in opposition to the Civ.R. 12(B)(6) motion. There was only material supplied with regard to appellant's motion for summary judgment. The material used in support of the motion for summary judgment is not necessarily the same as it would be to defeat a Civ.R. 12(B)(6) motion or a motion for summary judgment filed by the opposing party. However, even if it was the same or similar, under the facts of this case, notice should have been given to appellant of the court's intention to make the conversion. *Page 1