THE STATE, EX REL. RICHARDSON, v. GORMAN, JUDGE.
THE STATE, EX REL. KANTOR, v. GORMAN, JUDGE.

(Nos. 9256 and 9257—Decided December 12, 1962.)

*Mr. Jonas B. Katz,* for relators.

*Mr. C. Watson Hover,* prosecuting attorney, *Mr. George S. Heitzler* and *Mr. Harry C. Schoettmer,* for respondent.

KEEFE, J.   Relators have been charged in the County Court of Hamilton County with violations of Section 3773.24, Revised Code, entitled, "Transaction of business on Sunday; exceptions." The two cases were docketed for trial before the respondent, Judge Gorman of the County Court. Before the trials could be commenced on the dates assigned, relators petitioned for writs of prohibition in this court perpetually prohibiting the respondent, or any other judge of the County Court of Hamilton County, from hearing these cases on the ground that County Courts do not have jurisdiction finally to hear and determine charges of violation of Section 3773.24, and that the affidavit in case No. 9257 is defective.

On behalf of the respondent judge, demurrers were filed to the petitions.

The penalty for the violation of the "transaction of business on Sunday law" (Section 3773.24), is $25 for a first offense,

and for each subsequent offense there is a fine of not less than $50 or more than $100 and imprisonment for not less than five or more than thirty days. Conviction of this offense clearly is a misdemeanor.

Section 1907.012, located in Chapter 1907, Revised Code, "County Courts—Provisions," under the heading, "Jurisdiction," provides:

"In addition to the jurisdiction granted a County Court by Chapters 1909., 1917., 1919., 1923., 2329., 2931., 3111., 3305., 3707., 3771., 3773., 3781., 4143., 4513., and other chapters of the Revised Code, a County Court shall have jurisdiction in motor vehicle violations and all other misdemeanors."

This language is plain and unambiguous. Whether or not the Legislature could have chosen different words, or fewer ones, to arrive at the same meaning is of no consequence. Section 1907.012 gives the County Courts jurisdiction over all misdemeanors, and the offense created by violation of the "transaction of business on Sunday law" is a misdemeanor.

On the subject of construction and interpretation of statutory terminology, the Supreme Court of Ohio had this to say in *Slingluff* v. *Weaver,* 66 Ohio St., 621, paragraph two of the syllabus:

"But the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction."

From 50 Ohio Jurisprudence (2d), 146, Statutes, Section 173:

"* * * It is to be assumed, or presumed, that the Legislature used the language contained in a statute advisedly and intelligently, and expressed its intent by the use of the words found in the statute. That body should be held to mean what it has plainly expressed * * *."

It is interesting to note what State Representative Kenneth A. Robinson wrote in an article published in the autumn 1957

issue of the Ohio State Law Journal, entitled, "Review of the New County Court Law" (18 Ohio St., L. J., 482). He was the sponsor of the bills which became the laws establishing the County Courts.

He said: "The County Court has jurisdiction in motor vehicle violations, *other misdemeanors* and in all other actions in which a justice of the peace court had jurisdiction * * *." (Emphasis added.)

It was certainly clear in the mind of the sponsor of the County Court law that the County Court has jurisdiction over all misdemeanors.

In one of these cases now before us (No. 9257), relator attacks the sufficiency of the affidavit, claiming it does not allege that the acts charged occurred "on Sunday" as required by Section 3773.24 of the Revised Code, and that this defect divests the County Court of jurisdiction. This contention is without merit. The affidavit states that the offense occurred "on or about the 30th day of September, A. D. 1962," and that it was "contrary to 3773.24, Revised Code." As constructed, the affidavit substantially and adequately apprises the defendant of the nature of the offense with which he is charged and this court can take judicial notice of the fact that September 30, 1962, fell on a Sunday.

From 28 Ohio Jurisprudence (2d), 423, Indictment and Information, Section 24, it is said:

"Generally speaking, the same strictness is not required in regard to an affidavit charging a criminal offense as is required in regard to the averments in an indictment or information, except from the standpoint of informing the accused of the nature and cause of the accusation against him * * *.

"* * * the rule is that in any case an affidavit which clearly advises the defendant of the nature of the charge against him, and of all the facts upon which the prosecution relies to convict, is sufficient."

It is our determination that the respondent judge has jurisdiction to try the relators. The demurrers to the petitions are sustained, issuance of the writs of prohibition is denied, and the petitions dismissed.

*Writs denied.*

Long, P. J., and Hildebrant, J., concur.