OPINION
{¶ 1} Appellant, Michael Geier, appeals from the judgment of the Lake County Common Pleas Court, which denied his motion to vacate. We affirm.
 {¶ 2} On September 22, 1999, appellee filed a complaint for real estate tax foreclosure. Geier held a judgment lien on real estate that was subject to the foreclosure action.
 {¶ 3} On September 29, 1999, the clerk of courts issued a summons and copy of the complaint to Geier by certified mail, return receipt requested at his last known address, 7 Oak Shore Drive, Bratenahl, Ohio 44108. The mail was returned unclaimed and with the notation, "FORWARDING ORDER EXPIRED." Appellee claims regular mail service was attempted at the same address, however, the record is inconclusive as to whether this was done.
 {¶ 4} The clerk of courts also caused notice of the foreclosure action to be published in the Lake County News-Herald on September 30, 1999, October 7, 1999, and October 14, 1999.
 {¶ 5} Geier failed to file an answer or otherwise defend against the action and appellee moved for default judgment. The trial court granted appellee's motion for default judgment on August 3, 2000 and the property was subsequently sold.
 {¶ 6} On October 10, 2003, Geier moved to vacate the default judgment. Appellee responded. On November 24, 2003, Geier moved for leave to amend his motion to vacate. The trial court granted leave.
 {¶ 7} Geier filed an affidavit in support of his motion. In his affidavit, he averred he had moved to Akron, Ohio in 1995; that he had not received service; that sometime in 2003 he became aware a judgment had been taken against him; and that his address had always been listed in the local telephone directory. On February 10, 2004, the trial court denied Geier's motion to vacate. Geier filed a timely appeal asserting one assignment of error:
 {¶ 8} "The trial court erred when it denied defendant-appellant Michael Geier's motion to vacate."
 {¶ 9} We review a trial court's decision to grant or deny a motion for relief from judgment only for an abuse of discretion. Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. In GTE Automatic Electric,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, the Supreme Court of Ohio set forth the standard required to prevail on a Civ. R. 60(B) motion. Under Civ. R. 60(B) the movant must show that:
 {¶ 10} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE, paragraph two of the syllabus. The movant must meet all three prongs to prevail on his motion. Rose Chevrolet, Inc., supra.
 {¶ 11} Geier first argues he was never properly served, and therefore, the trial court's judgment was void abinitio. We disagree.
 {¶ 12} "Due process requires that notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In re Foreclosure of Liens for Delinquent Taxes
(1980), 62 Ohio St.2d 333, paragraph one of the syllabus.
 {¶ 13} The underlying case was instituted pursuant to R.C. 5721.18(B). This section provides in relevant part:
 {¶ 14} "Foreclosure proceedings constituting an action in rem may be commenced by the filing of a complaint after the end of the second year from the date on which the delinquency was first certified by the auditor. Prior to filing such an action in rem, the prosecuting attorney shall cause a title search to be conducted for the purpose of identifying any lienholders or other persons with interests in the property subject to foreclosure. * * *
 {¶ 15} "(1) Within thirty days after the filing of a complaint, the clerk of the court in which the complaint was filed shall cause a notice of foreclosure substantially in the form of the notice set forth in division (B) of section 5721.181 of the Revised Code to be published once a week for three consecutive weeks in a newspaper of general circulation in the county. * * *
 {¶ 16} "After the third publication, the publisher shall file with the clerk of the court an affidavit stating the fact of the publication and including a copy of the notice of foreclosure as published. Service ofprocess for purposes of the action in rem shall be considered as completeon the date of the last publication.
 {¶ 17} "Within thirty days after the filing of a complaint and before the final date of publication of the notice of foreclosure, the clerk of the court also shall cause a copy of a notice substantially in the form of the notice set forth in division (C) of section 5721.181 of the Revised Code to be mailed by certified mail, with postage prepaid, to each person named in the complaint as being the last known owner of a parcel included in it, or as being a lienholder or other person with an interest in a parcel included in it. The notice shall be sent to the address of each such person, as set forth in the complaint, and the clerk shall enter the fact of such mailing upon the appearance docket. * * *." (Emphasis added.)
 {¶ 18} In the instant case, the clerk of courts complied with the requirements of R.C. 5721.18(B) and service was considered complete on the last date of publication. In In re Foreclosure of Liens forDelinquent Taxes, the Ohio Supreme Court considered whether a previous version of R.C. 5721.18(B) comported with due process requirements. The prior version required only publication and notice by ordinary mail. The Ohio Supreme Court held the combination of these two types of notice "exceeded the minimal constitutional safeguards" required. Id. at 336.
 {¶ 19} Thus, we cannot say that, although ultimately ineffective in the instant case, the steps taken were not reasonably calculated to provide Geier with notice of the instant action. The clerk of courts sent notice to the address on file and complied with the publication requirements.
 {¶ 20} Geier next argues the trial court erred in denying his motion for relief from judgment under Civ.R. 60(B). We find no error.
 {¶ 21} Geier's motion failed to set forth any reason why a three-year delay from the date of judgment to the time he filed his motion is "reasonable." He also fails to set forth any meritorious claim or defense.
 {¶ 22} For the foregoing reasons appellant's sole assignment of error is without merit and the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., Grendell, J., concurs.