OPINION
{¶ 1} Shirley Dietelbach appeals from the judgment of the Warren Municipal Court, which granted appellee, Ohio Edison Company's ("Ohio Edison") motion to dismiss. We affirm.
 {¶ 2} Dietelbach filed a complaint for unjust enrichment. Dietelbach claimed she dismissed an appeal to this court of a workers' compensation claim in reliance on a settlement agreement between her and Ohio Edison. When the parties were unable to reach agreement on the language of the settlement Dietelbach moved to reinstate her appeal. We denied her motion. Dietelbach then filed the instant action, claiming Ohio Edison was unjustly enriched by dismissal of the appeal.
 {¶ 3} Ohio Edison moved to dismiss Dietelbach's claim pursuant to Civ. R. 12(B)(6). In support of its motion to dismiss, Ohio Edison attached a copy of a judgment entry in Case No. 5:01-CV-2243, in the United States District Court for the Northern District of Ohio, Eastern Division. In that judgment entry, the district court denied Dietelbach's motion to enforce the settlement agreement that forms the basis of the instant action.
 {¶ 4} After Ohio Edison filed its motion to dismiss, the parties filed various pleadings supporting or opposing the motion to dismiss. In one of Dietelbach's pleadings, she attached documents purporting to show the parties were still negotiating a settlement subsequent to the district court's entry of judgment denying Dietelbach's motion to enforce settlement, and the date she filed her motion to vacate dismissal of her appeal with this court. That is, Dietelbach apparently attempted to prove the settlement at issue in the instant case, was not necessarily the same settlement the district court declined to enforce.
 {¶ 5} The trial court referred Ohio Edison's motion to dismiss to a magistrate. The magistrate found the parties had not reached a settlement and that Dietelbach's claims were barred by the doctrine of res judicata (based on the district court's refusal to enforce the settlement agreement.) Dietelbach filed objections to the magistrate's decision. The trial court overruled those objections and adopted the magistrate's decision. Dietelbach filed a timely appeal raising one assignment of error: "The trial court erred in overruling [p]laintiff-[a]ppellant's [o]bjections to [m]agistrate's [d]ecision; adopting the [m]agistrate's [f]indings and affirming its [d]ecision; and entering judgment thereon, dismissing the [c]omplaint."
 {¶ 6} Dietelbach's states the issue under this assignment of error as, "Whether, on a Civil Rule 12(B)(6) motion to dismiss, the court may consider matter outside the pleading without notice of and opportunity on conversion to Civil Rule 56 treatment."
 {¶ 7} Civ. R. 12(B)(6) states in relevant part:
 {¶ 8} "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."
 {¶ 9} In the instant case, the trial court never provided notice it was converting the motion to dismiss into a motion for summary judgment (which it clearly did when it considered matters outside the pleadings.) The trial court erred in doing so;[1] however, as we discuss below, this error was harmless.
 {¶ 10} The last sentence of Civ. R. 12(B)(6) states, "All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."
 {¶ 11} While the court did not provide any type of formal notice of the conversion of the Civ.R 12(B)(6) to one under Civ. R. 56, Dietelbach did have a reasonable opportunity to present evidence outside her complaint in support of her opposition to Ohio Edison's motion. In fact, she did so both before the magistrate and the trial court. Specifically, Dietelbach submitted documents purporting to show continued settlement negotiations following the district court's judgment denying her motion to enforce settlement agreement, the value of the dismissed claim, and that she dismissed her appeal based on Ohio Edison's actions.
 {¶ 12} The purpose of the notice requirement is to give the opposing party a reasonable opportunity to submit evidence. When the party opposing the motion does in fact submit such evidence, the need for the notice requirement no longer exists.
 {¶ 13} Further, there can be no argument that Dietelbach was not given sufficient time to present evidentiary material in support of her opposition to the motion to dismiss. Ohio Edison filed its motion to dismiss on October 7, 2002; Dietelbach filed a brief opposing the motion on October 10, 2002; Ohio Edison filed a reply on October 18, 2002; on January 20, 2003, Ohio Edison filed supplemental material; Dietelbach filed a response to Ohio Edison's supplemental material on January 31, 2003 — and included her own supplemental material; and on January 22, 2004, Dietelbach filed supplemental authority. The magistrate did not enter findings of fact and conclusions of law on the motion to dismiss until February 20, 2004. Thus, Dietelbach had sixteen months to present evidence opposing Ohio Edison's motion to dismiss and she did so, by presenting evidence outside the pleadings that, as we discuss below, the trial court properly considered as Civ. R. 56(C) evidence. Thus, any error was harmless.[2]
 {¶ 14} There remains one question to answer: were the documents submitted properly considered under Civ. R. 56?
 {¶ 15} Civ. R. 56 limits evidentiary material to, "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, * * *."[3] While none of the documents submitted by either party fall into one of these categories, "* * * a trial court may properly consider documents other than those specified in Civ. R. 56(C) when no objections are raised."[4] Dietelbach failed to object to this material (and submitted no complying material of her own), thus the trial court properly considered it.
 {¶ 16} For the foregoing reasons appellant's sole assignment of error is without merit and the judgment of the Warren Municipal Court is affirmed.
O'Toole, J., concurs, O'Neill, J., dissents with Dissenting Opinion.
[1] State ex rel. Baran v. Fuerst (1990), 55 Ohio St.3d 94, 97.
[2] See, e.g., Insurance Co. of N. Am. v. Reese Refrigeration (1993),89 Ohio App.3d 787, 793, (stating: "Even if the court had converted the motion to dismiss into a summary judgment proceeding, appellant was not harmed by any lack of formal notice. The purpose of providing the parties with notice of such a conversion is to afford them a `reasonable opportunity' to demonstrate whether a genuine issue of fact exists.";Reynolds v. Morris (Sept. 28, 1999), 10th Dist. No. 99AP-64, 1999 Ohio App.LEXIS 4505, 7 ("While this was error, it was not prejudicial because all parties were given the opportunity to and indeed did submit `evidence' in support of their respective positions.); ArchitecturalInterior Products, Inc. v. Heilig-Meyers Furniture Co. (Dec. 5, 1996), 5th Dist. No. 96-CA-36, 1996 Ohio App.LEXIS 6125, 5, (* * * failure to formally notify the parties of such conversion is harmless error if the court affords the parties a reasonable opportunity to present matters outside the pleadings.")
[3] Civ. R. 56(C).
[4] Reynolds at 7-8, citing Lyle v. Columbus (1990), 70 Ohio App.3d 99,104.