OPINION
{¶ 1} Appellant, Michael J. Geier, appeals from the final judgment of the Lake County Court of Common Pleas, dismissing his complaint for creditor's bill for failure to *Page 2 
state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). For the following reasons, we affirm the trial court's judgment.
 {¶ 2} In 1994, appellant sued Ace Lakefront Properties, Inc. ("Ace") in Lake County Court of Common Pleas Case No. 94CV000652. On September 18, 1997, appellant obtained a judgment against Ace in the amount of $229,300.00, plus interest. On September 24, 1997, appellant filed a judgment lien attaching certain real property owned by Ace in Lake County. Appellant never initiated foreclosure proceedings on the real property subject to the lien.
 {¶ 3} On September 22, 1999, The Lake County Treasurer filed a tax foreclosure proceeding against Ace's real estate in Lake County Court of Common Pleas Case No. 99CF001373. In that case, the Treasurer served all lien holders, including appellant, with the complaint for foreclosure. Notwithstanding proper service, appellant failed to respond to the Treasurer's foreclosure complaint.[1] As a result, on August 3, 2000, a default judgment was entered against appellant in the foreclosure action.[2] The subject real estate was sold at Sheriff's sale on August 25, 2000, for $300,000.00, and the Treasurer's claim was paid in full. In November of 2000, the order confirming sale directed the excess proceeds ($230,004.60) should be held by the Lake *Page 3 
County Sheriff "until further Order of this Court." At that point, Ace had an equitable interest in the excess proceeds being held.
 {¶ 4} Meanwhile, in April of 2000, during the pendency of the tax foreclosure proceedings, appellee, Maxus Energy Corporation, filed a complaint against Ace in the United States District Court for the Northern District of Ohio for environmental cleanup costs relating to real estate formerly owned by Ace. See Maxus Energy Corp. v. AceLakefront Properties, Inc. Case No. 1: 00 CV 972.[3] Ace did not respond to the complaint and, on June 30, 2004, the court granted appellee's motion for default judgment against Ace. The District Court refrained from filing an Order for default judgment against Ace until all other claims in the case had been resolved.
 {¶ 5} On September 24, 2002, appellant's judgment against Ace became dormant. On August 7, 2006, nearly nine years from the date of his original judgment against Ace and six years after the surplus funds came into existence, appellant revived his judgment against Ace. On September 12, 2006, the trial court issued a judgment formalizing appellant's revivor of the dormant judgment. Appellant did not proceed directly to garnishment proceedings against Ace.
 {¶ 6} On September 28, 2006, the District Court default judgment was ultimately ordered through which appellee was awarded $225,334.00. On October 4, 2006, a writ of execution was issued by the federal district court to satisfy appellee's $225,334.00 *Page 4 
judgment. On October 17, 2006, the Lake County Sheriff complied with the Writ of Execution and issued a check to appellee in satisfaction of the judgment. A balance of $4,670.64 remained in the possession of the Sheriff.
 {¶ 7} On November 16, 2006, appellant filed the instant complaint for creditor's bill pursuant to the revived judgment entered on September 12, 2006 against Ace. Service of the complaint on Ace initially failed but was eventually completed by service on the Ohio Secretary of State on December 4, 2006. After learning that the Sheriff had already disbursed most of the funds to satisfy the federal court's writ of execution, appellant filed his amended complaint for creditor's bill on November 21, 2006 and added appellee as a defendant.
 {¶ 8} On January 7, 2007, appellee moved the trial court to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6). On January 23, 2007, appellant filed its motion in opposition to appellee's motion to dismiss and, in the same pleading, filed his own motion for summary judgment with attached evidentiary materials. On February 5, 2007, appellee filed its reply brief in support of its motion to dismiss and also filed its motion in opposition to appellant's motion for summary judgment. Attached to its dual reply brief and motion in opposition, appellee submitted evidentiary documents in support of its position. After considering the various motions, on March 19, 2007, the trial court granted appellee's motion to dismiss and overruled appellant's motion for summary judgment. Appellant filed a timely appeal from this judgment and now assigns two errors for our review.
 {¶ 9} We shall address appellant's assigned errors out of order. Appellant's second assignment of error provides: *Page 5 
 {¶ 10} "The trial court erred when it granted defendant/appellee's motion to dismiss."
 {¶ 11} Appellant asserts his complaint adequately stated a claim upon which relief could be granted. Specifically, appellant contends his 1997 judgment, revived in 2006, in conjunction with his filing of his complaint for creditor's bill gave him priority over appellee's claim in the surplus held by the Lake County Sheriff.
 {¶ 12} In ruling on the various motions, the trial court stated:
 {¶ 13} "With respect to Maxus's motion to dismiss, the court agrees with the argument of the defendant and — presuming the truth of all of the factual allegations of the complaint, and making all reasonable inferences in favor of the plaintiff — finds that plaintiff can prove no set of facts in support of his claim which would entitle him to relief with respect to the funds that were distributed by the Lake County Sheriff to Maxus. Once the funds were distributed to Maxus, Ace no longer had an equitable interest in those funds that was reachable by a creditor's bill. Accordingly, the motion to dismiss is well taken and granted with respect to Defendant Maxus Energy Corporation."
 {¶ 14} Pursuant to Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. An appellate court reviews a trial court's judgment relating to Civ.R. 12(B)(6) motion de novo. Snitzky v. Wilson, 11th Dist. No. 2003-T-0095,2004-Ohio-7229, at ¶ 9. The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. Celeste v.Wiseco Piston, 151 Ohio App.3d 554, 2003-Ohio-703, at ¶ 12. In construing a complaint for purposes of Civ.R. 12(B)(6), all factual allegations in the complaint are presumed true and the nonmoving party *Page 6 
enjoys the benefit of all reasonable inferences in his favor.Snitzky, at ¶ 10, citing Celeste.
 {¶ 15} However, a motion to dismiss, pursuant to Civ.R. 12(B)(6) is designed to test the sufficiency of the complaint. State ex rel. Hansonv. Guernsey Cty. Bd. Of Commrs. (1992), 65 Ohio St.3d 545, 548. A movant may not rely on allegations or evidence outside the complaint in support of a Civ.R. 12(B)(6) motion. Id. If a court considers matters beyond the face of the complaint, it must convert the Civ.R. 12(B)(6) motion into a motion for summary judgment and notify the parties of its intentions to do so. Civ.R. 12(B)(6).
 {¶ 16} In granting the motion, the court determined that appellee's interest in the funds had priority over appellant's interest. To draw this conclusion, the trial court was required to consider, at the least, the validity of the Federal District Court's September 28, 2006 judgment entry as well as the electronically transmitted docket sheet, both of which were attached to appellee's motion in opposition to appellant's motion for summary judgment. It is therefore clear from the judgment entry that the trial court considered evidence outside the face of the complaint in arriving at its decision dismissing appellant's complaint as it relates to appellee. As a result, the trial court functionally converted appellee's 12(B)(6) motion into a motion for summary judgment.
 {¶ 17} We recognize the trial court did not give the parties notice of this conversion. However, any error resulting from this omission was harmless because both parties had the opportunity to present evidence in support of their respective positions. See, e.g., Dietelbach v. OhioEdison Co., 11th Dist. No. 2004-T-0063, 2005-Ohio-4902, at ¶ 12; see, also, Reynolds v. Morris (Sept. 28, 1999), 10th Dist. No. *Page 7 
99AP-64, 1999 Ohio App.LEXIS 4505. The Supreme Court of Ohio has observed "`[t]he primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal context.'"Petrey v. Simon (1983), 4 Ohio St.3d 154, 155, quoting Portland RetailDruggists Assn. v. Kaiser Found. Health Plan (C.A. 9, 1981),662 F.2d 641, 645. Thus, when parties have submitted evidence in support of their positions, the need for the notice requirement no longer exists.Dietelbach, supra, at ¶ 12.
 {¶ 18} Here, after appellee filed its motion to dismiss, appellant filed its motion in opposition as well as its motion for summary judgment. The dual pleading included argumentation asserting appellant had stated a claim upon which relief could be granted and, furthermore, that appellant was entitled to summary judgment on that claim. In support of his position, appellant attached evidentiary material beyond that which was alleged in his complaint. Appellee subsequently filed its own dual motion, i.e., a reply brief in support of its Civ.R. 12(B)(6) motion together with a motion in opposition to appellant's motion for summary judgment. This pleading included various evidentiary materials beyond the face of appellant's complaint. "When a party opposing a motion to dismiss based on matters outside the face of its complaint submits evidence outside the complaint in opposition to the motion, the need for notice of the court's conversion of the motion to one for summary judgment no longer exists." EMC Mortgage Corp. v. Jenkins,164 Ohio App.3d 240, 2005-Ohio-5799, at ¶ 14, citing Dietelbach, supra. *Page 8 
 {¶ 19} Under the circumstances, both parties had a reasonable opportunity to present evidence in support of their respective positions. Accordingly, the trial court's failure to give the parties notice was harmless.
 {¶ 20} We shall now determine whether the trial court properly entered judgment pursuant to Civ.R. 56. Summary judgment, pursuant to Civ.R. 56(C), is proper if:
 {¶ 21} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d, 317, 327.
 {¶ 22} An appellate court reviews a trial court's award of summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336.
 {¶ 23} Appellant obtained judgment against Ace on September 18, 1997 and subsequently filed a judgment lien on the real property which was subject to the foreclosure proceedings in 1999. On September 18, 2002, appellant's judgment became dormant for failure of execution. See R.C.2329.07 (Ohio's dormancy statute, which provides that a judgment falls dormant after five years without execution). Once the judgment fell dormant, the judgment lien ceased to exist. Geauga Savings Bank v.Nall, 11th Dist. No. 98-G-2152, 1999 Ohio App. LEXIS 4641, *8. (holding "while dormancy does not remove or discharge the judgment, it does wipe out any lien created by the judgment. Indeed, the Revised Code does not make any provision to enable the creditor to revive a judgmentlien." Id.) (Emphasis in original). Appellant revived his *Page 9 
1997 judgment on September 12, 2006. This revivor did not relate back to the original judgment; rather, "reviving a judgment once dormant has the effect of creating a new judgment for purposes of subsequent execution."Thompson v. Slone (1991), 68 Ohio App.3d 575, 577.
 {¶ 24} From these observations, we draw the following conclusions: Appellant's judgment against Ace became viable (again) upon being revived on September 12, 2006. The act of revival effectively established a new judgment executable from September 12, 2006. The new judgment was not secured by any liens and therefore had no priority over any other creditor's claims. Appellant failed to seek satisfaction of the judgment from the surplus held by the Sheriff prior to appellee, a separate judgment creditor. By failing to move for satisfaction of the judgment before appellee, appellant lost any claim of priority to the surplus held by the Sheriff. Because appellant's complaint for creditor's bill was filed on November 16, 2006, nearly one month after the Lake County Sheriff released the funds to appellee pursuant to the Federal District Court's Writ of Execution, he was entitled to only the remaining surplus in existence after appellee's judgment was satisfied, i.e., $4,670.64.
 {¶ 25} We consequently hold the assets were properly distributed to appellee and thus the trial court did not err in awarding appellee judgment as there is no genuine issue of material fact remaining to be litigated against appellee.
 {¶ 26} Appellant's second assignment of error lacks merit.
 {¶ 27} Appellant's first assignment of error asserts:
 {¶ 28} "The trial court erred when it denied plaintiff/appellant Michael Geier's motion for summary judgment." *Page 10 
 {¶ 29} Because we hold that the trial court was correct in granting appellee's motion for summary judgment, appellant's motion for summary judgment was properly overruled. Accordingly, appellant's first assignment of error is also overruled.
 {¶ 30} For the reasons set forth above, appellant's two assignments of error are overruled and the judgment of the Lake County Court of Common Pleas is hereby affirmed.
MARY JANE TRAPP, J., concurs,
TIMOTHY P. CANNON, J., concurs in part, dissents in part, with a Concurring / Dissenting Opinion.
[1] The record indicates appellant was served by certified mail. Service failed on October 4, 1999, with an endorsement on the envelope showing that it was "unclaimed" as well as an endorsement showing "FORWARDING ORDER EXPIRED." The Clerk of Courts then caused notice of the foreclosure action to be published in the Lake County News-Herald for three consecutive weeks beginning September 30, 1999. Service was accordingly complete on October 14, 1999.
[2] In October of 2003, more than three years after the default judgment against appellant was filed, he filed a Civ.R. 60(B)(5) motion in the tax foreclosure case to vacate the default judgment. The trial court denied the motion on February 10, 2004, and the decision was affirmed by this court in Lake Co. Treasurer v. Parcels of LandEncumbered with Tax liens, 11th Dist. No. 2004-L-046,2005-Ohio-3260.
[3] Appellee attached the complete docket sheet from its case against Ace in the Northern District of Ohio as well as a copy of the Federal Court's September 28, 2006 judgment entry to its motion in opposition to appellant's motion for summary judgment. Although these materials are not permitted under Civ.R. 56(C), appellant did not object to their inclusion. A trial court may, in its discretion, consider improperly introduced evidentiary materials during the summary judgment exercise where the opposing party fails to object. See, e.g., Christe v. GMS Mgt.Co., Inc. (1997), 124 Ohio App.3d 84, 90. In short, appellant's failure to object to the evidence waived any error.