[Cite as *State ex rel. Banker's Choice, L.L.C. v. Cincinnati*, 2020-Ohio-6864.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO EX REL. BANKER'S CHOICE, LLC, | : | APPEAL NO. C-200017<br>TRIAL NO. A-1902350 |
| | : | |
| Relator-Appellant, | : | *O P I N I O N.* |
| and | : | |
| BANKER'S CHOICE, LLC, | : | |
| and | : | |
| STOUGH DEVELOPMENT CORP., | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| CITY OF CINCINNATI, | : | |
| and | : | |
| SHAWN PATTON, P.E., | : | |
| Respondents/Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 23, 2020

*Barrett & Weber*, *C. Francis Barrett* and *Scott A. Sollmann*, for Relator-Appellant and Plaintiffs-Appellants*,*

*Paula Boggs Muething*, City Solicitor, *Kevin M. Tidd* and *Shuva J. Paul*, Assistant City Solicitors, for Respondents/Defendants-Appellees.

**MOCK, Presiding Judge.**

{¶1}    Because the trial court prematurely determined that the complaint filed in this cause was untimely, we reverse the decision and remand the cause to the trial court for further proceedings.

### Takings Complaint Dismissed

{¶2}    In May 2019, relator/plaintiff-appellant Banker's Choice, LLC, and plaintiff-appellant Stough Development Corp. (hereinafter collectively "Banker's Choice") filed a complaint for a claimed physical taking by respondents-appellees city of Cincinnati and Shawn Patton, P.E., (hereinafter collectively "the city").  The substance of the complaint set forth that, because of the construction of a stop for the city's streetcar system along the side of Banker's Choice's property, Banker's Choice lost access from the property to the public right-of-way.  According to the complaint, Banker's Choice applied for right-of-way access in September 2017.  That application had been denied in January 2018.  The action sought a writ of mandamus to compel the city to initiate appropriation proceedings for taking the property rights of Banker's Choice and to compel the issuance of permits for access to its property from the abutting public right-of way.

{¶3}    The city filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), claiming that the suit was barred by the four-year statute of limitations for takings.  In its motion, the city relied upon additional facts not alleged in the complaint.  The motion was supported with copies of unverified documents attached to the motion.  These documents, according to the footnote identifying them, included:

- **Exhibit A**, Simes, Randy. "Streetcar's promise attracts occupants to OTR property." Cincinnati Business Courier, July 17, 2013;

- **Exhibit B**, Email from Scott Stough, "Streetcar Stop-Main Street," to Chris Eilerman dated February 11, 2013;

- **Exhibit C**, City of Cincinnati Zoning Board of Appeals ("ZBA") Decision, April 8, 2015;

- **Exhibit D**, City of Cincinnati Department of Transportation and Engineering ("DOTE"), Cincinnati Streetcar, First Segment Vicinity Partial Plan Submittal, dated May 1, 2011;

- **Exhibit E**, City of Cincinnati, Cincinnati Streetcar Project Supplemental Environmental Assessment dated May 16, 2011;

- **Exhibit F**, Email from Scott Stough, "Information," to John Deatrick dated November 21, 2013;

- **Exhibit G**, Email from Scott Stough, "Main Street Stop," to John Deatrick dated January 7, 2014;

- **Exhibit H**, Email from Scott Stough, "Main Street Stop," to John Deatrick (Cc: Michael Stough, Michael Paul, Michael Moore, John Brazina) dated January 20, 2014;

- **Exhibit I**, Email from Scott Stough, "Main Street Streetcar Stop," to John Deatrick (Cc: Michael Paul, Michael Moore, Kate Leiniger) dated May 6, 2014;

- **Exhibit J**, Email from John Deitrick, "Main Street Stop," to Scott Stough (Cc: Michael Stough, Michael Paul, Michael Moore, John Brazina) dated January 9, 2014;

- **Exhibit K**, DOTE Inspector Daily Report dated May 6, 2015;

- **Exhibit L**, DOTE Inspector Daily Report dated May 8, 2015.

The footnote asked the trial court to take "judicial notice" of the facts in these documents, "without converting it to a motion for summary judgment."

3

{¶4} The motion set forth facts outside those alleged in the complaint, which were supported only by the unverified documents attached to the motion. The city claimed that Banker's Choice purchased the property in 2013 to benefit from the redevelopment in Over the Rhine and the streetcar once it was built. It also claimed that the location had been publicly announced in 2011 and that Banker's Choice knew the streetcar would run next to the property months before purchasing it. The city denied the request to move the stop to another location in 2014. The city closed the sidewalk and began construction of the stop in May 2015. Concurrently, Banker's Choice had also sought to have the building demolished. The request for a certificate of appropriateness for the demolition was denied in 2014, and that decision was affirmed by the Board of Zoning Appeals in 2015.

{¶5} The trial court granted the city's motion to dismiss the complaint. The trial court determined that using either the date of the denial of the certificate of appropriateness or the date when construction commenced, the four-year limitations period had expired. In one assignment of error, Banker's Choice claims that this decision was error.

### Civ.R. 12(B)(6) and Judicial Notice

{¶6} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Thomas v. Othman*, 2017-Ohio-8449, 99 N.E.3d 1189, ¶ 18 (1st Dist.). When ruling on a Civ.R. 12(B)(6) motion, the trial court is confined to the allegations in the complaint. *Id.* It must accept the complaint's factual allegations as true and must draw all reasonable inferences in favor of the nonmoving party. *Id.* We review the trial court's ruling on a Civ.R. 12(B)(6) motion de novo. *Id.* at ¶ 19. "A complaint should not be dismissed for failure to state an actionable claim unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Id.*

{¶7} While generally limited to the allegations stated in a complaint, a trial court may take judicial notice of "appropriate matters" in considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 16, 661 N.E.2d 170 (1996). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B).

{¶8} The city has cited one case in support of the trial court considering its attachments. *States Resources Corp. v. Hendy*, 9th Dist. Summit No. 25423, 2011-Ohio-1900. In that case, the court concluded that the trial court could take judicial notice of the fact of a party's tax debt by looking at official tax records, stating that

> Evid.R. 201 governs judicial notice of facts of the case, or "adjudicative facts." *See, also, Smith v. McLaughlin*, 9th Dist. No. 24890, 2010-Ohio-2739, ¶ 51. A court may take judicial notice of a fact not subject to reasonable dispute that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). Further, "[j]udicial notice may be taken at any stage of the proceeding." Evid.R. 201(F). Once judicial notice of a fact is taken, a "party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken." Evid.R. 201(E).

\* \* \*

5

"Public records and government documents are generally considered 'not to be subject to reasonable dispute.' This includes public records and government documents available from reliable sources on the Internet." (Internal citation omitted.) [*U.S. ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968, 972 (W.D.Mich.2003)], *aff'd sub nom.* [*Dingle v. Bioport Corp.*, 388 F.3d 209 (6th Cir.2004)]. *See also,* [*Grimes v. Navigant Consulting, Inc.*, 185 F.Supp.2d 906, 913 (N.D.Ill.2002)] (taking judicial notice of stock prices posted on a website); [*Cali v. E. Coast Aviation Servs., Ltd.*, 178 F.Supp.2d 276, 287 (E.D.N.Y.2001)] (taking judicial notice of documents from Pennsylvania state agencies and Federal Aviation Administration); [*Segle v. PNC Mtge.*, W.D.Wash. No. 10-5655RJB, 2011 WL 1098936, at *2 (Mar. 25, 2011)] (taking judicial notice of a notice of sale and deed because they were recorded with the auditor and appear on the county's website). As a result, the delinquency of Hendy's tax obligations was subject to judicial notice under Evid.R. 201(B)(2).

*Id.* at ¶ 18, 20.

{¶9} *States Resources* is distinguishable from this case. First, the document in that case containing the information had been properly authenticated. *See id.* at ¶ 17 ("States Resources submitted a certified copy of Hendy's tax statement issued by Summit County."). In this case, the city simply stapled unauthenticated documents to its motion to dismiss. None were attached to an affidavit authenticating them or explaining their relevance. The documents were merely

identified in a footnote in the motion, which gave no more information than what the city claimed the documents to be.

{¶10} But more significantly, the nature of the "fact" that the court took notice of in *States Resources* is fundamentally different than those "facts" of which the city asked the trial court to take judicial notice below. The recording of a tax debt in a governmental database is a pure ministerial function, requiring no discretion or judgment. It is a simple fact of accounting and recording—the accuracy of which could not be reasonably questioned. On the other hand, the city attempted to present its entire factual argument in the form of emails, press releases, reports, and the like, constituting narrative accounts the recording of which are far from ministerial. In a recent case, this court rejected the request of a litigant to take "judicial notice" of facts that had been testified about in a transcript in another proceeding, stating that "the facts that Sager urges us to conclude from the May 2014 transcript are not the type of facts, 'not subject to reasonable dispute' and 'capable of accurate and ready determination,' cognizable by judicial notice." *State v. Sager*, 2019-Ohio-135, 131 N.E.3d 335, ¶ 21 (1st Dist.); *see Pollard v. Elber*, 2018-Ohio-4538, 123 N.E.3d 359, ¶ 16 (6th Dist.) (a court can take judicial notice of the fact that another proceeding had taken place but cannot take judicial notice of facts established in that litigation). As the Second Appellate District noted, "[w]hile it is true that a court may take judicial notice of matters of public record, it may not take judicial notice of disputed facts stated in those public records." *McKenzie v. Davies*, 2d Dist. Montgomery No. 22932, 2009-Ohio-1960, ¶ 24.

{¶11} The problem in this case arises from the city's misunderstanding of the fundamental nature of judicial notice. A court may take notice of "adjudicative facts; i.e., the facts of the case." Evid.R. 201(A). For example, a court can take judicial notice that a particular date was a Sunday. *See State ex rel. Richardson v.*

7

*Gorman*, 117 Ohio App. 244, 246, 187 N.E.2d 411 (1st Dist.1962). But the city did not ask the trial court to take judicial notice of one or more "facts." Instead, the city asked the trial court to take judicial notice of the "public records and newspaper article" it attached to its motion, and presumably all the content therein. This would be an inappropriate application of Evid.R. 202.

{¶12} Since the documents attached to the motion were not authenticated, the facts the city sought to have the trial court take judicial notice of were not of the type for which judicial notice is proper, and since the request did not actually direct the trial court which judicial facts were at issue, the trial court erred when it relied on the attachments when granting the city's motion to dismiss.

**Motion Could Not Be Considered
a Motion for Summary Judgment**

{¶13} There are other circumstances under which a trial court may consider evidence not contained within the initial pleading. But if a trial court does so, it must convert the motion to dismiss to a motion for summary judgment and give the parties notice of its intent to do so. Civ.R. 12(B) sets forth that

> [w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

But, in this case, the trial court did not use this procedure—it neither gave notice to the parties that it was considering the matter pursuant to Civ.R. 56, nor gave the

8

parties an opportunity to present evidence in accordance with Civ.R. 56(C). *See Harris v. Pro-Lawn Landscaping, Inc.*, 8th Dist. Cuyahoga No. 97302, 2012-Ohio-498, ¶ 10 (rejecting harmless-error claim where trial court gave no indication it was considering a motion to dismiss as a motion for summary judgment and gave no opportunity for the parties to submit appropriate evidence). As the Tenth Appellate District noted:

> " 'The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context.' " *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 155, 447 N.E.2d 1285, quoting *Portland Retail Druggists Assn. v. Kaiser Found. Health Plan* (C.A.9, 1981), 662 F.2d 641, 645, analyzing comparable provisions of Fed.R.Civ.P. 12(b). The purpose of providing the parties with notice of a court's conversion of a motion to dismiss to a motion for summary judgment is to afford the parties a reasonable opportunity to submit evidence. *Dietelbach v. Ohio Edison Co.*, Trumbull App. No. 2004-T-0063, 2005-Ohio-4902, 2005 WL 2269006, at ¶ 12. Unexpected conversion may leave the non-moving party at the disadvantage of being unprepared to reply. *Petrey*, 4 Ohio St.3d at 155.

*EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, 841 N.E.2d 855, ¶ 13 (10th Dist.).

{¶14} And even if it had done so, the documents attached to the motion to dismiss filed by the city did not constitute evidence recognized by Civ.R. 56(C). Civ.R. 56(C) sets forth the evidence that can be considered: pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence,

and written stipulations of fact, if any, timely filed in the action. The unauthenticated documents attached to the city's motion to dismiss are not within that list.

### Conclusion

{¶15}   A motion to dismiss a complaint under Civ.R. 12(B), which is based upon the statute of limitations, is erroneously granted where the complaint does not conclusively show on its face the action is barred by the statute of limitations. *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379, 433 N.E.2d 147 (1982). The complaint in this case does not establish the accrual date for the running of the limitations period, and the trial court could not properly rely on the contents of the documents attached to the motion to dismiss to reach that result. The documents supplied by the city were not authenticated, the city asked the trial court to take judicial notice of documents and not "adjudicative facts," and the facts outlined in the city's motion were not of the character where judicial notice was appropriate. We therefore sustain Banker's Choice's sole assignment of error. Because the trial court improperly granted the city's motion to dismiss, we reverse the decision below and remand this cause for further proceedings.

Judgment reversed and cause remanded.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.